IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD STONE : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 20-5489 |
| TRANS UNION LLC, ET AL. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                       **OCTOBER 22, 2021**

      This matter is one of many nearly identical cases filed in this District against Trans Union and other credit reporting agencies that challenge how consumers' "pay status" is reported after their accounts have been closed. In this matter, Plaintiff paid off the full balance on his account in 2014 and it is closed. At the time he paid it off, Plaintiff was 30 days past due on the account. After the account was closed, Trans Union continued to report a "pay status" of "30 Days Past Due." Plaintiff argues that this is misleading to creditors under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") because the account appears to be *currently* past due. Several judges in the Eastern District of Pennsylvania have found that reporting a "past due" status on a closed and zeroed-out account that has been fully paid off is not misleading or inaccurate. Because we agree, we will grant Defendant's Motion for Judgment on the Pleadings and enter judgment in its favor.

**I.       BACKGROUND**

      This action arises from what Plaintiff alleges to be inaccurate credit reporting by Trans Union related to Plaintiff's auto loan with Ford Motor Credit Company ("FMCC"). (Compl. ¶ 9, ECF No. 1.) On September 3, 2014, Plaintiff paid off this loan and brought it to a $0.00 balance. (*Id*.) The debt was fully eliminated on September 3, 2014 and the account was closed. (*Id*.) At

that time, Plaintiff was 30 days past due on his required payments and FMCC continued to report an account status of "30 Days Past Due Date." (*Id*.) Trans Union thereafter reported Plaintiff's account as closed and paid in full in September of 2014 and displayed a "pay status" as "30 Days Past Due Date." (*Id*. ¶ 11.) Believing that Trans Union was improperly reporting his pay status as "past due," Plaintiff sent correspondence to Trans Union disputing the pay status on his account as inaccurate. (*Id*. ¶ 15.) In response, Trans Union forwarded this dispute to FMCC and FMCC advised Trans Union that the pay status was correct and to continue reporting the account as such. (*Id*.) Trans Union continues to report the pay status on Plaintiff's account as "past due."

In this Complaint, Plaintiff alleges violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681i(a) (reasonable reinvestigation procedures) and § 1681e(b) (reasonable reporting procedures). (*Id*. at 34.) The Parties now bring Cross Motions for Judgment on the Pleadings. (ECF Nos. 25 & 26.)

## II.   LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that a motion for judgment on the pleadings may be made "after the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). To succeed on a motion under Rule 12(c), the movant must clearly establish that no genuine issues of material fact remain and that "he is entitled to judgment as a matter of law." *Damron v. Smith*, 616 F. Supp. 424, 425 (E.D. Pa. 1985) (citing *Flora v. Home Federal Savings and Loan Association*, 685 F.2d 209, 211 (7th Cir. 1982)). When deciding a motion for judgment on the pleadings, the court must view the pleadings in the light most favorable to the non-moving party and grant the motion only if it is beyond doubt that the non-movant can plead and prove no facts that would support his claim for relief.

*Constitution Bank v. DiMarco*, 815 F. Supp. 154, 157 (E.D. Pa. 1993) (citing *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991)).  As in a Rule 12(b)(6) motion, the court must not look beyond the pleadings.  Fed. R. Civ. P. 12(d).

### III. DISCUSSION

Defendant moves for judgment on the pleadings, primarily asserting that there are no genuine issues of fact in this matter and that Plaintiff's credit report, as a matter of law, is not misleading under the FCRA.  Plaintiff also moves for judgment on the pleadings, asserting that the information Trans Union reported on his credit score is inaccurate and misleading.  In the alternative, Plaintiff requests leave to amend his Complaint.

#### A. Fair Credit Reporting Act

To demonstrate a claim under FCRA, Plaintiff must show that Trans Union reported inaccurate information on his account.  *Becker v. Early Warning Servs., LLC*, Case No. 19-5700, 2020 U.S. Dist. LEXIS 80410, at *8 (E.D. Pa. May 7, 2020) (citing *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 904 n.9 (3d Cir. 2011) (*per curiam*)).  In this Circuit, a credit report is considered inaccurate if it is factually incorrect or factually correct but "misleading in such a way and to such an extent that [it] can be expected to have an adverse effect."  *Gibbs v. Trans Union, LLC*, Case No. 21-0667, 2021 U.S. Dist. LEXIS 185094, at *5 (E.D. Pa. Sept. 28, 2021) (citing *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)).  In determining whether factually correct information is misleading, courts should consider the credit report as a whole, rather than any single, isolated field.  *Id*. (citing *Schweitzer*, 441 F. App'x at 900-01).

Plaintiff argues that Trans Union's credit report of his FMCC account is misleading because it continues to report his "pay status" as "30 Days Past Due" when the account has been fully paid off and closed since September of 2014.  Defendant Trans Union asserts that when

3

viewing the credit report as a whole—taking into account the $0 balance, the date the account was closed, the date it was last updated, and the last payment date all being the same, and the notation that the account is "CLOSED"—no reasonable creditor would believe that the account is *currently* 30 days overdue.

The Third Circuit has not addressed the specific issue of whether reporting a pay status of "past due" on a closed account with a balance of $0 is misleading under the FCRA. However, many district courts in the Third Circuit, including many courts in the Eastern District of Pennsylvania, have addressed this issue. The vast majority of district courts have held that reporting a "past due" status on a closed and zeroed out account is not inaccurate or misleading. *See, e.g.*, *Ostrander v. Trans Union LLC*, Case No. 20-5227, 2021 U.S. Dist. LEXIS 142220, at *21-22 (E.D. Pa. July 30, 2021) ("Reading the[] entries [of the report] together, rather than only the payment status line in isolation, the court finds that the only logical conclusion that can be gleaned from the plaintiff's credit report is that the plaintiff was *previously* 60 days past due (i.e., as of December 1, 2013, the date the account was closed"); *Gibbs*, 2021 U.S. Dist. LEXIS 185094, at *5-6 (holding that Plaintiff's credit report, when read as a whole, was "susceptible to only one reading" and was not inaccurate or misleading, even though it reported her "pay status" as "past due"); *Smith v. Trans Union*, Case No. 20-4233, 2021 U.S. Dist. LEXIS 198812, at *12 (E.D. Pa. Oct. 14, 2021) (holding that "a creditor, reading the reports in their entirety, would not conclude that when the accounts were closed with zero balances, there were payments outstanding… [and] viewing the reports in their entirety from the perspective of a reasonable creditor . . . the [credit unions] reported the plaintiffs' information accurately and [they] were not misleading). *But see Smith v. Trans Union, LLC*, Case No. 20-4903, 2021 U.S. Dist. LEXIS 51937, at *9 (E.D. Pa. Mar. 19, 2021) (holding that the credit report was misleading because "the

4

[Plaintiff's] debt was paid in full to the penny at the time it was closed, and yet the 'Pay Status: Account 60 Days Past Due' notation would lead one to believe the account was past due and continued to be past due, or not fully paid, when the balance was zeroed out when it was closed."). This is the case even when the account in question has been paid in full, rather than simply transferred to a new lender. *See Ostrander*, 2021 U.S. Dist. LEXIS 142220, at *21-22; *Gibbs*, 2021 U.S. Dist. LEXIS 185094, at *5-6. We agree with the majority of courts in this District that reporting a "past due" status on a closed account with a $0 balance, when viewed in light of the entire credit report, is not misleading or inaccurate.

Here, Plaintiff's credit report reflects the following: (1) there is a $0 balance on the account, (2) the pay status reads "Account 30 Days Past Due," (3) the last "Date Updated," "Last Payment Date," and "Date Closed" all reflect the same date – September 3, 2014, (4) the "remarks" section reads "CLOSED," and (5) there is a note that states: "Maximum Delinquency of 30 days in 03/2012 and in 09/2014." (Compl. ¶ 38.) Reading all these entries together, the Court (and any reasonable creditor) can only conclude that the account was paid in full and closed on September 3, 2014 and, when this final payment was made, Plaintiff was 30 days overdue on the account.

Plaintiff's argument that the "pay status" line alone would mislead a lender is directly contrary to how courts should determine whether a credit report is misleading. Courts should read the entire report as a whole in making this determination and should not consider only a "single, isolated field" in the report. *Gibbs*, 2021 U.S. Dist. LEXIS 185094, at *5. No reasonable creditor would be misled when viewing Plaintiff's entire credit report, which clearly shows the account as closed and paid in full. In fact, it would be unreasonable for a creditor to believe that the account is *currently* past due when the account is clearly closed and has been for

seven years.  The notation on the report that describes the 30-day delinquency as occurring in March of 2012 and September of 2014 is further evidence that the account was past due at those points only and is not currently past due.  Therefore, the report is not inaccurate or misleading.  Judgment will be entered in favor of Trans Union.

      **B.**    **Leave to Amend**

In his opposition and Cross Motion for Judgment on the Pleadings, Plaintiff alternatively requests leave to amend his Complaint.  (Pl. Br. at 13 (ECF No. 26).)  Leave to amend a complaint, while liberally granted, should be "denied if amendment would be futile, i.e., if the proposed complaint could not withstand a renewed motion to dismiss."  *City of Cambridge Retirement Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).  In this case, any amendment of the Complaint would be futile.  The facts in this matter are undisputed.  We are entering judgment for Defendant based upon the interpretation of the law and the weight of the case law in this district.  The information reported on Plaintiff's account was simply not inaccurate and would not mislead a reasonable creditor.  No additional facts would remedy the shortcomings of Plaintiff's Complaint.  For these reasons, Plaintiff's request for leave to amend will be denied.

**IV.**    **CONCLUSION**

For the foregoing reasons, Trans Union's Motion for Judgment on the Pleadings is granted, and Plaintiff's cross motion is denied.  An appropriate Order follows.

                                                    BY THE COURT:

                                                    */s/ R. Barclay Surrick*
                                                    **R. BARCLAY SURRICK, J.**